IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**IVAN KEVIN GIBSON,**

                **Plaintiff,**

    v.                                    **CASE NO. 08-3206-SAC**

**FRANKLIN COUNTY ADULT
DETENTION CENTER, et al.,**

                **Defendants.**


**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a pretrial detainee confined in the Franklin County Adult Detention Center (FCADC) in Ottawa, Kansas. Plaintiff proceeds pro se, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis*

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening under 28 U.S.C. § 1915A*

Because plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h),[1] the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1974 (2007). *See* Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v.

---

[1] 28 U.S.C. § 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Atkins, 487 U.S. 42, 48 (1988).  Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

In his complaint, plaintiff asserts three claims based upon his three to four week confinement in FCADC. He first seeks relief on a assorted allegations of medical negligence by FCADC defendants. Plaintiff alleges inadequate care was provided prior to and after a heart attack he claims might have been prevented if his high blood pressure medications and dietary needs had not been ignored, and complains of inadequate and ineffective treatment for bed bug bites and the dispensation of medications by uncertified staff. Second, plaintiff alleges his rights are violated by not being provided a library for legal research, free legal copies without a court order, and legal forms for filing actions in state or federal courts. Third, plaintiff alleges FCADC staff tampered with his legal mail by forwarding a copy of plaintiff's correspondence to the Franklin County clerk's office to plaintiff's criminal defense attorney. The defendants named in the complaint are FCADC and twenty-one Franklin County and FCADC defendants.

The court first finds FCADC should be dismissed from the complaint because the county facility itself is not a suable entity. *See e.g.*, Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

Second, plaintiff's allegations of negligence by FCADC staff in addressing plaintiff's medical needs do not present an actionable claim upon which relief can be granted under 42 U.S.C. § 1983. A

negligent act of an official causing injury to life, liberty, or property does not violate the United States Constitution. Absent sufficient factual allegations that the intentional or reckless conduct of a state official cause the plaintiff's injury, a complaint is not cognizable under § 1983. Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). *See* Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action). *See* Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(The "accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment."), *cert. denied*, 450 U.S. 1041 (1981).

Although deliberate indifference by prison staff to a serious and obvious medical need can state a cognizable constitutional claim,[2] plaintiff's allegation of being denied medication for a limited time which resulted in a hospital evaluation at plaintiff's expense, and of delay in obtaining an appropriate diet, are insufficient to plausibly demonstrate that any defendant acted with deliberate indifference to plaintiff's medical needs.

Third, plaintiff has no right under the United States

---

[2] "Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment." Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001)(quotation and citation omitted). Thus a pretrial detainee's claim that he received inadequate medical treatment while he was in jail is evaluated under the standard of "deliberate indifference to serious medical needs." Id.

Constitution to a library at the jail, to free legal copies, or to forms from the state court clerk. While a prisoner retains a fundamental right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), to state a claim for deprivation of this right he must demonstrate an actual injury that "hindered his efforts to pursue a legal claim." Id. at 351. Plaintiff acknowledges he is represented by counsel in his criminal proceeding, and fails to demonstrate how the alleged deprivations hindered his filing of any nonfrivolous litigation in the state courts.

Fourth, plaintiff's allegation of tampering with his legal mail is frivolous. Plaintiff states only that his request to the state district court clerk's office for forms was forwarded by that office to his appointed criminal defense attorney. These circumstances entail no opening or tampering with plaintiff's legal mail by any named defendant.

And finally, plaintiff alleges no personal participation by each of the numerous Franklin County and FCADC defendants in any alleged violation of his constitutional rights. Personal participation is an essential allegation in a § 1983 action. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). "Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976).

*Notice and Show Cause Order to Plaintiff*

Accordingly, for the reasons stated herein, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated by the court, and without further prior notice to plaintiff.[3]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

---

[3] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED:  This 29th day of October 2008 at Topeka, Kansas.


                              s/ Sam A. Crow
                             SAM A. CROW
                             U.S. Senior District Judge