IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IVAN KEVIN GIBSON,

                  **Plaintiff,**

       v.                                                       CASE NO. 08-3206-SAC

**FRANKLIN COUNTY ADULT
DETENTION CENTER, et al.,**

                  **Defendants.**

## O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in the Franklin County Adult Detention Center (FCADC) in Ottawa, Kansas. The court reviewed plaintiff's allegations and directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. Having reviewed plaintiff's response, the court dismisses the complaint.

Plaintiff does not dispute the court's finding that FCADC should be dismissed because it is not a proper defendant, or that plaintiff's allegations regarding his access to legal resources and the alleged mishandling of his mail do not state viable claims for relief under § 1983.

As to plaintiff's allegations of being denied a proper diet and adequate medical attention prior to and after his hospitalization for evaluation, plaintiff's reiterated insistence that Nurse Sandy should have taken immediate action based on plaintiff's high blood pressure reading remains insufficient to plausibly establish a factual or legal basis for finding any defendant acted with

deliberate indifference to plaintiff's medical needs. The extensive details provided in plaintiff's response[1] demonstrate that defendants did not ignore plaintiff's medical complaints, and that plaintiff's grievances encompass concerns sounding only in negligence and malpractice which do not state a cognizable claim upon which relief can be granted under § 1983. Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1142 (10th Cir. 2005); Perkins v. Kansas Department of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

Nor are plaintiff's bare and conclusory references of retaliation, discrimination, harassment, and taunting by FCADC staff sufficient to state an actionable claim under § 1983. *See* McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)(acts or omissions subjecting inmate to nothing more than threats and verbal taunts do not violate Eighth Amendment); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992)(verbal harassment, without more, does not state an arguable constitutional claim).

Accordingly, for the reasons stated herein and in the show cause order previously entered, the court concludes the complaint should be summarily dismissed as stating no claim for relief.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 4th day of June 2010 at Topeka, Kansas.

                                           s/ Sam A. Crow
                                           SAM A. CROW
                                           U.S. Senior District Judge

---

[1] Plaintiff also appears to expand the scope of his complaint by detailing problems he encountered after he initiated this action.